Willie James HILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-457.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1983.

Stanley D. Monroe, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Willie James Hill was convicted of two counts of Murder in the First Degree. The charges arose out of the shooting deaths of his estranged wife, Latonya ("Shelley") Hill, and his mother-in-law, Anita Louise Byron. He was sentenced to life imprisonment on both counts, and he appeals. We affirm.

## I.

As his first assignment of error, appellant contends that the evidence at the preliminary examination and the trial was insufficient to show that he acted with malice. This contention is without merit.

■ When the sufficiency of the evidence at trial is challenged on appeal, the proper test is whether a prima facie case has been established. In applying this test, we view the evidence in the light most favorable to the State. If that test is satisfied, then all questions of fact are for the jury to resolve. *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). "Prima facie case" has been defined as:

Such as will suffice until contradicted and overcome by other evidence. A case which has proceeded upon sufficient proof to that stage where it will support finding if evidence to contrary is disregarded. (Citations omitted.)

Black's Law Dictionary, Fourth Revised Edition (1968).

It is clear that a prima facie case was presented at trial. Malice is a deliberate intention unlawfully to take away the life of a human being, as manifested by external circumstances capable of proof. 21 O.S. 1981, 701.7(A) (amended in non-material respects by Laws 1982, c. 279, § 1). The victims died of multiple gunshot wounds, all but one of which were inflicted at close range. The murder weapon, based on ballistics tests of four bullets recovered from the bodies, was an Interarm Rossi five-shot .38 caliber revolver. The gun was registered to the victim, Ms. Byron, but was in the possession of the appellant just before and after the shootings.

Appellant was aware of his wife's threat to hire someone to kill him. On the evening of April 25, 1981, his wife confronted him several times brandishing the .38 caliber Rossi. Appellant finally disarmed her, and retained possession of the gun. At about 8:30 p.m. that same night, the victims met appellant in the driveway of a mutual friend to regain possession of the gun. At that time, appellant sought to apprise his mother-in-law of threats against him by his wife. After they reacted with derision, gunfire broke out.

The mother of the mutual friend, Rose Marie Allen, testified that after the first shots, she rushed to the door of the residence. She saw appellant and his wife at the rear of the victim's vehicle. Appellant's back was to the witness, and Mrs. Hill was facing him. The witness heard additional shots and saw Mrs. Hill fall toward appellant, who then turned with a gun and shot into the driver's side of the victim's car.

The medical and physical evidence was consistent with the theory that Ms. Byron, who was seated in the front passenger's seat, was shot twice from the passenger's side of the car, and that Mrs. Hill was shot once from the same side as she exited through the driver's door. The evidence also supported the inference that Ms. Byron was shot a third time from the driver's side of the car. After his arrest at the scene, appellant told the police that "he didn't want to be running for the rest of his life."

■ Appellant sought to demonstrate that Ms. Byron was shot accidently, or in self-defense, during a struggle in the car for control of the Rossi handgun, which appellant had given back to Ms. Byron. He further contended that Mrs. Hill was shot once accidentally during the struggle for the gun, and a second time when she pointed another gun at appellant. He also challenged the credibility of the State's witnesses, and noted inconsistencies and the possibility of conflicting inferences from the evidence. However, the credibility of witnesses and the weight and value to be given their testimony is within the province of the jury, *Renfro v. State,* supra, and their determination will not be disturbed simply because different inferences may properly be drawn from the testimony. *Jennings v. State,* 506 P.2d 931 (Okl.Cr.1973).

■ Appellant's suggestion that the evidence was insufficient to show malice at the preliminary hearing is also without merit. The evidence was substantially the same in material respects as at trial. When there is competent evidence in the record from

which the magistrate, as trier of fact, may reasonably conclude that there was probable cause to believe that a crime was committed and that defendant committed it, the reviewing court will not interfere. *Shriver v. State,* 632 P.2d 420 (Okl.Cr.1980) cert. den., 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245.

■ The first assignment of error is without merit.

## II.

As his second assignment of error, appellant contends that the State failed to produce the victims' car for defense inspection, depriving the defense of the opportunity to show that blood stains on the driver's seat matched the blood type of Mrs. Hill.

■ Under *Brady v. Maryland,* 373 U.S. 83, 89, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963), the suppression of evidence "material to guilt or punishment" may violate due process. However, implicit in the *Brady* requirement of materiality is the concern that the suppressed evidence might have affected the outcome of the trial. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In this case, the prosecution did not dispute the fact that the blood stains resulted from the wounding of Mrs. Hill as she exited the car. Accordingly, the evidence was not material in the requisite sense, and appellant's argument is unavailing.

## III.

As his third assignment of error, appellant contends that the trial court erred in denying a motion for continuance.

■ The decision to grant a continuance lies within the discretion of the trial court. *Smith v. State,* 659 P.2d 330 (Okl.Cr.1983). Three of the grounds urged in support of the motion depended upon the resolution of issues of law not presented for review on this appeal. The fourth ground dealt with the need for more time to search for the victims' car.

■ Since the fact that the blood on the driver's seat was Mrs. Hill's was not disputed at trial, appellant was not prejudiced by the ruling. Moreover, the failure to support the motion by affidavit was fatal. *Smith v. State,* 644 P.2d 106 (Okl.Cr.1982). Finally, appellant was granted a thirty day continuance to search for the car, and failed to allege facts showing due diligence in support of a further continuance. See, 12 O.S.1981, § 668.

No abuse of discretion is shown.

## IV.

Appellant contends as his fourth assignment of error that the trial court erred in receiving into evidence numerous photographs of the bodies of the victims at the scene of the crime.

■ The admissibility of demonstrative evidence such as photographs is a question of legal relevance for the trial court, and when the probative value is not outweighed by the danger of prejudice to the defendant, the photographs are admissible. *Assadollah v. State,* 632 P.2d 1215 (Okl.Cr. 1981). In this case, the exact position of the bodies in relation to the surroundings was very important to the issues at trial. The photographs were black and white prints, and were not particularly gruesome. They shed needed light on the issues, and were properly received into evidence.

## V.

As his fifth assignment of error, appellant contends that the trial court erred in refusing to permit him to testify concerning the criminal record of one of the victims, Ms. Byron.

■ The judge excluded the testimony based on the concern that appellant was not testifying from personal knowledge. With an exception not applicable here, a witness may not testify as to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. 12 O.S.1981, § 2602. If the excluded evidence went to appellant's personal knowledge of the victim's criminal record, it was not apparent from the context, and appellant failed to

make an offer of proof. Error may not be predicated upon a ruling which excludes evidence unless the substance of the evidence was made known to the judge by offer, or was apparent from the context within which the questions were asked. 12 O.S.1981, § 2104(A)(2).

No error is shown.

## VI.

Appellant contends that the prosecutor engaged in improper cross-examination of the defendant at trial. However, the record reveals that no objections were interposed to the questions. The failure to object constitutes a waiver of the error, if any. See, *Jones v. State,* 527 P.2d 169 (Okl.Cr.1974).

## VII.

Appellant next contends that the judge should have instructed the jury on the lesser included offense of murder in the second degree. He suggests that the evidence would support a finding that the homicides were committed by acts "evincing a depraved mind ... although without any premeditated design to effect the death of any particular individual." 21 O.S.1981, § 701.-8(1).

This contention is without merit. Appellant's evidence was to the effect that he committed the offenses accidentally, or in self-defense, neither of which would evince a "depraved mind". See 21 O.S.1981, §§ 731 (Excusable homicide), and 733 (Justifiable homicide). The State's evidence was that appellant acted with malice aforethought, which, while evincing a depraved mind, would not support an inference that appellant acted "without any premeditated design to effect the death of any particular person." See, 21 O.S.1981, § 701.8(1), supra.

Where there is no evidence to support a lower degree of the crime charged or lesser included offense, it is not only unnecessary to instruct thereon, the court has no right to ask the jury to consider the issue. *Irvin v. State,* 617 P.2d 588 (Okl.Cr.1980). We find no error in the refusal to instruct on second degree murder.

## VIII.

Appellant contends that the prosecutor improperly referred to appellant's version of the events as a "story" or "tale" during closing argument. This is without merit. Appellant failed to object to the remarks. Where the accused fails to object to remarks by the prosecutor in closing argument, the alleged error is not properly preserved for review. See *Kemp v. State,* 632 P.2d 1239 (Okl.Cr.1981).

## IX.

Appellant contends that an accumulation of error has been shown requiring a new trial. However, this suggestion is not well taken in light of our disposition of appellant's prior propositions of error. *Cooper v. State,* 661 P.2d 905 (Okl.Cr.1983).

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.