Terrance JAMES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-115.

Court of Criminal Appeals of Oklahoma.

April 29, 1987.

Rehearing Denied May 28, 1987.

Gerald R. Miller, Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry, Asst. Atty. Gen., Oklahoma City, for appellee.

BRETT, Presiding Judge:

Appellant, Terrance James, was convicted in the Muskogee County District Court in Case No. CRF–83–64, for the offense of First Degree Murder. He was assessed to suffer the death penalty by the jury in the second stage of his trial. He was represented by counsel and was tried by jury with his co-defendant, Sammy VanWoundenberg. VanWoundenberg's conviction is reported in *VanWoundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986). From his conviction for First Degree Murder, appellant lodged this appeal. Oral Argument was held March 22, 1987.

Mark Allen Berry was strangled to death around 4:30 a.m. on February 6, 1983, in the Muskogee City-Federal Jail. Mark Allen Berry, Dennis Brown, and appellant had been arrested for a federal charge of theft of government property, and were incarcerated together in the Muskogee City-Federal Jail. Brown and appellant believed that Berry was responsible for their arrest. On February 5, 1983, they were discussing beating on Berry when Sammy VanWoundenberg joined in the discussion. Brown testified that VanWoundenberg urged them to strangle Berry and hang him to make the death appear to be a suicide. VanWoundenberg then provided a wire from a broom and demonstrated how to use it to strangle Berry. Early the next morning VanWoundenberg entered the cell of Brown and appellant and asked if they were ready; he then stuck a piece of paper over the lens of the surveillance camera. Brown then got Berry to play cards with him, and when they were playing, appellant walked up behind Berry, wrapped the wire around his neck and strangled him while Brown held the victim's feet and placed his hand over Berry's mouth.

Another inmate testified that he heard VanWoundenberg warn appellant and Brown that someone was coming. So, ap-

pellant pulled Berry into that inmate's cell and continued the strangulation. After Berry appeared to be dead, appellant, Brown and VanWoundenberg hung Berry's body in a shower stall.

In his first assignment of error, appellant asserts error was committed when the court failed to appoint a psychiatrist to determine his competency to aid in his defense. The record reflects that appellant's attorney filed a motion with the trial court to have him examined to determine his competency. The court did enter an order, and appellant was transported to the Eastern State Hospital at Vinita, Oklahoma, for examination. At the conclusion of that examination, the psychiatrists certified that appellant was competent to stand trial. No request was made by appellant to have him examined to determine whether or not he could distinguish between right and wrong at the time of the offense. Likewise, the record fails to reflect that appellant made an ex parte showing that his sanity was a significant factor in his defense. Instead, appellant's defense relied on the contention that he was under the influence of drugs when the offense occurred. This Court stated in *Liles v. State*, 702 P.2d 1025, 1033 (Okl.Cr.1985):

> Under certain circumstances, the State may be obligated to provide an indigent defendant with access to competent psychiatric assistance in preparing his or her defense. *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). To trigger this process, the defendant must demonstrate "to the trial judge that his sanity at the time of the offense is to be a significant factor at trial."

The record before this Court fails to reflect that such "significant factor" was ever presented to the trial court. Appellant's case is readily distinguishable from that of *Ake*. Therefore, appellant's first assignment is found to be without merit.

In his second assignment of error, appellant asserts that the court committed an abuse of discretion in denying appellant a severance from the co-defendant, Van-Woundenberg. This same assignment of error was raised by VanWoundenberg in his appeal, and was denied. Appellant cites *Cooper v. State*, 584 P.2d 234 (Okl.Cr. 1978), to support his abuse of discretion assertion. *Cooper* provides that the decision to grant or deny such a motion is discretionary with the trial court, and its ruling will not be disturbed on appeal, absent a clear showing of abuse of discretion resulting in prejudice. Appellant contends that such abuse of discretion occurred especially in the second stage of trial, insofar as VanWoundenberg had a previous conviction for murder as well as other convictions which tainted the trial as well as the sentencing stage. The evidence reflects that appellant was the one who walked up behind Mark Allen Berry and placed the wire around his neck. He held the wire in place for some thirty minutes to assure that Berry was dead. We also observe that Van-Woundenberg's defense was not antagonistic to appellant's defense nor did it tend to inculpate appellant. Neither of the two defendants made extrajudicial statements which were admitted at trial. Appellant's defense contended that he was so drugged that he could not remember much about what happened. VanWoundenberg simply contended that he was not involved in the killing, but that he did help appellant and Brown hang the body and destroy some of the evidence. VanWoundenberg raised the same assignment of error in his appeal. In answering his contention, this Court held:

> As his next assignment of error, the appellant argues that the trial court erred in refusing to grant his motion for severance. Granting or denying such a motion is discretionary with the trial court and its ruling will not be disturbed on appeal unless the appellant makes a clear showing of abuse of discretion resulting in prejudice. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978). The appellant cites *Murray v. State*, 528 P.2d 739 (Okl.Cr. 1974) and contends that his defense was antagonistic to that of his codefendant because the appellant claimed James committed the offense, and James claimed he was under the influence of drugs and could not remember if the appellant was involved. James also testified that the appellant helped hang the

victim's body on the shower stall. There was some evidence that Berry might not have been dead at this time. In *Murray* the respective defenses of the codefendants were mutually antagonistic. Defenses are antagonistic where each defendant is attempting to exculpate himself and inculpate his codefendant. *Master v. State,* 702 P.2d 375 (Okl.Cr.1985). Here the record clearly shows that James admitted killing Berry, and denied knowing if the appellant participated. As the appellant cannot show antagonistic defenses, this assignment of error is meritless.

*VanWoundenberg,* 720 P.2d at 331. We therefore find this contention to be without merit.

■ In his third assignment of error, appellant asserts that the trial court erred in not granting a mistrial based upon the fact that the court excluded jurors who voiced a general objection to the death penalty for cause, and in the method of choosing the jurors. He asserts that insofar as the trial court initially voir dired the jury panel concerning their view of the death penalty that he should have had the opportunity to rehabilitate certain of those jurors.

It is evident from a review of the voir dire examination in this case that all of the jurors who were excused had views on capital punishment which would have substantially impaired the performance of their duties as jurors in accordance with the instructions and oath. A complete reading of the voir dire transcript clearly shows that the trial court carefully attempted to ascertain the state of mind of every juror. *Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

With reference to the complaint of rehabilitation of the jurors, the same complaint was raised in *VanWoundenberg.* In that case, this Court held:

The appellant next complains that the trial court erred in refusing to allow defense counsel to rehabilitate prospective jurors who were excused for cause when they indicated that they were unwilling to consider the death penalty. We ad-dressed this same issue in *Banks v. State,* 701 P.2d 418 (Okl.Cr.1985). That the manner and extent of voir dire rests largely in the discretion of the court, is well settled. Unless the questions counsel wishes to ask are dictated into record, and a ruling is obtained from the trial court, we are unable to determine if that court abused its discretion in refusing to permit the questions to be asked. *Banks* at 423. In the six instances in the case before us, cited by the appellant, defense counsel requested that he be allowed to voir dire the prospective juror in only one instance. (Tr. 113). That prospective juror clearly indicated that he could not consider the death penalty, and when defense counsel continued the questioning, the trial court properly stopped him. In the other five instances, defense counsel asked that the court note his exception to the excusal of each of those prospective jurors. Defense counsel neither asked that he be allowed voir dire, nor did he dictate any questions into the record. This assignment of error is meritless.

720 P.2d at 332.

In the instant case, the defendant never alleges precisely which jurors were improperly excused and whom he was denied the opportunity to rehabilitate by further questioning.

In *Banks v. State,* 701 P.2d 418 (Okl.Cr. 1985) at 423–424, this Court explained:

Nor was it error in this case to refuse the appellant an opportunity to rehabilitate the excused veniremen. The manner and extent of voir dire examination rests largely in the sound discretion of the trial judge. *McFatridge v. State,* 632 P.2d 1226 (Okl.Cr.1981). This Court held in *Vardeman v. State,* 54 Okl.Cr. 329, 20 P.2d 194 (1933):

"After the court has asked jurors as to their legal qualifications, it is hardly necessary for the state or defendant's counsel to ask them the same questions, although sometimes this is done. When any part of the questioning is denied or excluded, in order to preserve the question the proper procedure for defendant's counsel is to dictate into the record the

questions he desires to ask the jurors, and obtain a ruling of the court thereon, thereby enabling this Court to determine if the trial court abused its discretion in refusing to permit counsel to ask the questions."

*Id.* at 330, 20 P.2d at 195. *See also* 632 P.2d at 1229.

In the present case the defendant failed to make a record of the questions he intended to ask the excused veniremen, therefore we do not have a proper record from which to review the trial court's decision to disallow futher questioning. Reviewing the record before us in this regard we do not find any abuse of judicial discretion. Further questioning in this difficult area may only have served to confuse the prospective jurors when the pertinent questions had been asked and clearly answered. *Cf. Chaney v. State,* 612 P.2d 269 (Okl.Cr.1980) ("[o]ne of the tendencies of voir dire in a challenge situation is that the longer it lasts the less objective it becomes...."), *modified on other grounds, sub nom. Chaney v. Brown,* 730 F.2d 1334 (10th Cir. 1984).

We therefore find this contention to be without merit.

■ In his fourth assignment of error, appellant asserts that it was error when the court failed to instruct on Second Degree Murder and that such failure was an abuse of discretion. We note at the outset that this Court has consistently held that it is within the discretion of the trial court and its responsibility to consider the evidence to warrant the instructions to be given. In the instant case, the record fails to contain any evidence that would warrant an instruction on Second Degree Murder, as a lesser included offense under these facts. *Sanders v. State,* 556 P.2d 611 (Okl. Cr.1976). In this case there was no evidence to support a "depraved mind" theory. Instead, appellant contended he was under the influence of drugs when the homicide was committed. *Hill v. State,* 672 P.2d 308 (Okl.Cr.1983). In *Hill,* this Court stated:

Appellant next contends that the judge should have instructed the jury on the lesser included offense of murder in the second degree. He suggests that the evidence would support a finding that the homicides were committed by acts "evincing a depraved mind ... although without any premeditated design to effect the death of any particular individual." 21 O.S.1981, § 701.8(1).

This contention is without merit. Appellant's evidence was to the effect that he committed the offenses accidentally, or in self-defense, neither of which would evince a "depraved mind". See 21 O.S. 1981, §§ 731 (Excusable homicide), and 733 (Justifiable homicide). The State's evidence was that appellant acted with malice aforethought, which, while evincing a depraved mind, would not support an inference that appellant acted "without any premeditated design to effect the death of any particular person." See, 21 O.S.1981, § 701.8(1), supra.

Where there is no evidence to support a lower degree of the crime charged or lesser included offense, it is not only unnecessary to instruct thereon, the court has no right to ask the jury to consider the issue. *Irvin v. State,* 617 P.2d 588 (Okl.Cr.1980). We find no error in the refusal to instruct on second degree murder.

*Id.* at 312. We therefore deny appellant's contention of error.

In his fifth assignment of error, appellant asserts that the prosecutor committed reversible error in his closing argument. Only two comments made by the prosecutor are contained in appellant's brief. The first one was objected to and the objection was sustained and the court admonished the jury to disregard the prosecutor's comment before the prosecutor completed it. This Court has consistently held an admonishment cures any error which does not substantially affect the verdict. *McLeod v. State,* 725 P.2d 877 (Okl.Cr.1986). The second complained of argument was not objected to and therefore error contained therein is waived. In view of the evidence presented in the first stage of these proceedings, any error that might exist must

constitute harmless error because of the heinous nature of the crime committed. *Banks v. State,* 701 P.2d 418 (Okl.Cr.1985) and *VanWoundenberg v. State,* supra. This assignment is denied.

For his last assignment, appellant asserts that the sentence of death is excessive and disproportionate considering both the evidence and the defendant personally, his background and his involvement in the crime. The jury found three aggravating circumstances in this case; that the murder was committed while appellant was imprisoned on conviction of a felony; that there exists probability that appellant would commit acts of violence that would constitute a continuing threat to society; and that the murder was especially heinous, atrocious or cruel. The evidence showed that Berry's death was not swift. It showed that as Berry's legs twitched and turned as he was strangled to death, Brown held Berry's legs still until he died. The jury clearly found that the aggravating circumstances outweighed any mitigating circumstances offered by appellant. See *Banks v. State,* supra; *Robison v. State,* 677 P.2d 1080 (Okl.Cr.1984); *Dutton v. State,* 674 P.2d 1134 (Okl.Cr.1984); *Stafford v. State,* 669 P.2d 285 (Okl.Cr.1983); *Coleman v. State,* 668 P.2d 1126 (Okl.Cr.1983); and *Stafford v. State,* 665 P.2d 1205 (Okl.Cr.1983) for comparison.

When the evidence in this case is considered, it is clear that the crime was heinous, atrocious or cruel by the manner in which it was committed and the extent of suffering the deceased man experienced prior to expiring. A comparison of this case with the others listed above demonstrate that the punishment imposed is not disproportionate. In *State v. Vickers,* 129 Ariz. 506, 633 P.2d 315 (1981), the Supreme Court of Arizona affirmed the death penalty on a prison inmate who committed a violent strangulation and stabbing murder of another prisoner. *See also State v. Greenawalt,* 128 Ariz. 150, 624 P.2d 828 (1981).

This Court is no longer required to review whether the appellant's sentence is excessive or disproportionate to the penalty imposed in similar cases. 21 O.S.Supp. 1985, § 701.13(C). Nor is there a constitutional mandate to conduct proportionality review. *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). Nonetheless, we have compared the sentence in this case with others of like nature and clearly find that this sentence is not disproportionate.

Therefore, after considering the records and briefs submitted in this appeal, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.