**Keineth Garland FULLER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–412.**

Court of Criminal Appeals of Oklahoma.

March 9, 1988.

Kenneth C. Watson, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Keineth Garland Fuller, was tried by jury in Pontotoc County District Court, Case No. CRF–85–95, and convicted of two (2) counts of Shooting with Intent to Kill (21 O.S.1981, § 652) before the Honorable J.D. Miller, Special District Judge. The jury set punishment at life imprisonment on each count. Judgment and sentence was imposed in accordance with the jury's verdict, with the sentences to be served concurrently. We affirm.

Appellant claims as his first assignment of error that the evidence was insufficient to sustain his conviction, and that the trial court erred in overruling his demurrer to the evidence. We therefore turn to that evidence.

Authorities arrived at the Pontotoc County Fairgrounds in Ada at approximately 4 a.m. on June 2, 1985, and discovered both Fred Warrior and Maurice Lewis shot in the head. The young men were found in different areas of the fairgrounds, but each had been shot from the rear. Authorities found a room key from a local motel in a pocket of one of the victims. At the motel, in a nearby room, they found appellant, who let them search his room, but refused to let them search his suitcase. Appellant denied having a gun, and denied being at the fairgrounds. A shoeprint was found near one of the victims that closely resembled the pattern on appellant's shoes. While appellant was being booked as a material witness, a spent .38 caliber bullet hull and some "live" .38 caliber bullets were found in his possession. Acting on a search warrant, authorities discovered more .38 caliber bullets and a .38 caliber Colt Agent pistol in appellant's suitcase. The markings on slugs fired from the pistol matched a bullet fragment surgically removed from the brain of victim Warrior.

Appellant and the two victims were given a ride to a store earlier in the evening by one witness. Another witness saw appellant carrying a pistol when he was with the victims earlier in the evening. Two other witnesses saw a man near the scene wearing clothes matching those worn by appellant shortly after one of the victims was discovered. No bullet fragments taken from victim Lewis' brain could be matched with appellant's pistol, but Lewis testified at trial that it was appellant who had shot him in the back of the head. In his defense, appellant testified that he was working on his truck at the time of the shootings, and he found the gun wrapped in a towel and the bullets scattered about when he returned to his room. He also presented evidence that some of the bullet slugs could not be matched with the gun found in his suitcase.

We feel that the above evidence, when viewed in the light most favorable to the State, is sufficient to allow a rational trier

of fact to find the elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim.App.1985). We find there was competent evidence to reasonably support the allegations of the charge, and appellant's demurrer to the evidence was properly overruled. *Renfro v. State*, 607 P.2d 703, 705 (Okla.Crim.App.1980). This assignment of error is without merit.

■ Appellant next claims that the trial court erred in overruling his motion for a continuance. His counsel wanted the continuance to attempt to interview victim Lewis, who testified at trial. The facts here render this argument meritless.

Appellant's trial started December 4, 1985. Yet earlier, on October 11, 1985, the State filed a motion for a continuance, citing as a reason that "one of the victims in the case, Fred Warrior, who can identify the defendant as the man who shot him[,] had a seizure the evening of October 7, 1985 ... and will be unable to appear in court on October 9, 1985 to testify." (O.R. 54). From this it is obvious that appellant's counsel had almost two months' notice that one or both of the victims would testify. However, the record shows no evidence that counsel attempted to contact either victim. Counsel does not say that the State prevented him from doing so, and the State specifically denies any attempt to keep the victims from talking to defense counsel. The decision to grant a continuance lies within the discretion of the trial court. *Hill v. State*, 672 P.2d 308, 311 (Okla.Crim.App.1983), *cert. denied*, 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138 (1984). Under these circumstances, we see no abuse of that discretion.

■ Although appellant does not argue it in the body of his proposition, he also claims in the heading to it that the trial court erred in failing to act on appellant's motion to produce. Appellant's motion requested that the State be required to produce the two victims for an interview. Appellant has produced no evidence to show that the State actively refused such a request, nor has he presented authority relating to this proposition of error. This court

will not consider on review arguments which are neither presented clearly nor supported properly. *Wolfenbarger v. State*, 710 P.2d 114, 116 (Okla.Crim.App. 1985), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986). However, even had such a denial occurred, there would still be no constitutional violation.

■ The holding in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) "requires disclosure only of evidence that is both favorable to the accused and material either to guilt or punishment." *United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985). Implicit in that holding is the concern that "the suppressed evidence might have affected the outcome of the trial." *Id.* at 674–75, 105 S.Ct. at 3380 (citing *United States v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976)). *See also Hill v. State*, 672 P.2d 308, 311 (Okla. Crim.App.1983), *cert. denied*, 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138 (1984). We fail to see how evidence from the victims in appellant's case could have been "favorable" to appellant, or how it would have affected the outcome of the trial. It would have been difficult for counsel to interview the young men here. One was unable to testify at all as a result of his injuries. The other suffered severe aphasia—roughly described as an inability to correctly use language skills, although his memory and thought processes were unaffected. At trial, victim Lewis was able to give a few basic personal facts and identified appellant as the man who had shot him. Beyond that, he was limited in his ability to express himself. Despite these limitations, he maintained during cross examination that appellant had shot him. Such evidence can hardly be considered favorable to appellant. Therefore, appellant's contention that the trial court erred in failing to act on his motion to produce is without merit.

■ For his final proposition, appellant states that his life sentence was excessive

and should be modified. Appellant's sentence is within the statutory limits imposed by 21 O.S.1981, § 652. The evidence here amply supports the verdict of the jury and the record is otherwise free from error which would justify a modification. Under these circumstances, a judgment and sentence will be affirmed. *Fincher v. State*, 711 P.2d 940, 942–43 (Okla.Crim.App.1985).

Accordingly, appellant's conviction is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.