Tonda Lashell NEAHRING, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–90–715.

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1991.

Alec McNaughton, Enid, for appellant.

Richard Kitchen, Asst. Dist. Atty., Stillwater, Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice–Presiding Judge:

This matter was automatically assigned to the Accelerated Docket of this Court under the provisions of our new Rule XI, oral arguments were heard on December 20, 1990, with our decision being announced on that date. However, because the import of the question presented by this matter and the fact that this is a case of first impression, we believe that it would be advisable to memorialize our decision in the form of an opinion rather than by order as we normally contemplate in accelerated docket proceedings.

Appellant was arrested for Running a Stop Sign in Payne County on February 16, 1990. Appellant demanded a jury trial which was denied by Special Judge Lois Belden on the ground that the only punishment that the judge ever assessed for this offense was a fine of $10.00 and costs. On May 15, 1990, a non jury trial was held. Because of the denial of jury trial Appellant did not cross examine the State's only witness and did not present any evidence on her own behalf. She was found guilty and assessed a fine of $10.00 and the costs of the action. Appellant appeals, and we reverse and remand for a jury trial.

■ Article 2, section 19 of the Oklahoma Constitution provides for the right to jury trial except if the "punishment for the offense charged is by a fine only not exceeding" $100.00. The Oklahoma legislature has further expanded this constitutional provision in 22 O.S.1981, § 601 by providing defendants charged with a crime are entitled to a jury trial unless the possible punishment is by a fine only not exceeding $20.00. We must therefore examine the current matter to determine if these provisions were violated by the trial court.

The statute controlling the punishment for the offense of Running a Stop Sign is 47 O.S.1981, § 17–101(b). It provides for a possible punishment of a fine of not less than $10.00 nor more than $100.00, or by imprisonment for not more than ten days. It is clear that, before trial, had not the trial judge limited herself to a fine of not more than $10.00 Appellant would have been entitled to a jury trial since the range of punishment not only exceeded a possible fine of $20.00, it also provided for the possibility of jail time. Either possibility would have granted Appellant the right to a jury trial.

We find that the action of the trial judge unduly deprived the appellant her constitutional and statutory right to a jury trial. When the above provisions are considered together, it is presumed that the legislature intended that a defendant charged with Running a Stop Sign should be entitled to a jury trial. If not, the legislature would have limited the possible punishment for the offense to a fine only of not more than $20.00.

■ However, there is even a more fundamental issue present in this case. In *Seymour v. Swart*, 695 P.2d 509, 511 (Okl. 1985) our Supreme Court held in a civil matter:

> Except as modified by the Oklahoma Constitution, the right to trial by jury remains inviolate. This right, which is guaranteed by the United States Constitution, follows the common law rule prevailing at the time of the adoption of the Oklahoma Constitution and of the admission of Oklahoma into the Union. At common law, a party could not be deprived of the right to trial by jury except by expressly waiving that right. Where the Constitution provides that the right of trial by jury shall be inviolate, legislation must be both construed strictly and observed vigilantly in favor of the right. This right cannot be abrogated arbitrarily by a court; it can be surrendered only by voluntary consent or waiver. (Footnotes omitted.)

The pre-trial decision of the trial judge constituted a waiver of the defendant's right to a jury without her consent. We find this to be an unconstitutional action by the trial court amounting to the deprivation of a fundamental right. Therefore, we REVERSE and REMAND this matter to the trial court for a jury trial.

PARKS, P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.