**George Edward BREWER, Appellant,**

v.

**CITY OF TULSA, Oklahoma, A Municipal Corporation, Appellee.**

**No. M–89–757.**

Court of Criminal Appeals of Oklahoma.

May 14, 1991.

George Edward Brewer, pro se.

Neal E. McNeill, City Atty., Mark H. Newbold, Asst. City Prosecutor, Tulsa, for appellee.

## OPINION

LUMPKIN, Vice Presiding Judge:

Appellant George Edward Brewer was tried in the Municipal Court of Tulsa for the offenses of Refusal to Pay Bus Fare in violation of Title 36, Section 35E, Tulsa Revised Ordinances, Case No. 540689; Disturbing the Peace in violation of Title 27, Section 403, Tulsa Revised Ordinances, Case No. 540689A; Resisting Arrest in violation of Title 27, Section 71, Tulsa Revised Ordinances, Case No. 540689B; and Abusive and Violent Language in violation of Title 27 Section 406, Tulsa Revised Ordinances, Case No. 540689C. Appellant was found guilty on all four charges and assessed fines of one hundred dollars ($100.00) for Refusal to Pay Bus Fare and fifty dollars ($50.00) in each of the three remaining cases. From this judgment and sentence, Appellant appeals.

On February 15, 1989, Appellant entered a bus operated by the Metropolitan Tulsa Transit Authority and refused to pay his fare. Until subdued by the police a short time later, Appellant resisted arrest and used such abusive language so as to constitute a disturbance of the peace. Pertinent facts will be detailed as necessary.

In his first assignment of error, Appellant alleges that the trial court improperly denied him a jury trial on the offenses of Disturbing the Peace, Resisting Arrest, and Abusive and Violent Language. The record reflects that Appellant filed a written request for a separate jury trial for each offense.

■ Appellant has failed to cite any legal authority in support of his arguments either before the trial court or this Court. Such an omission waives appellate review

for all but fundamental error. *Gille v. State*, 743 P.2d 654, 656 (Okl.Cr.1987); *Sisson v. City of Oklahoma City*, 714 P.2d 1043, 1044 (Okl.Cr.1986). Accordingly, we limit our review to fundamental error.

In response to the Appellant's allegation, the City asserts that Appellant was not entitled to a jury trial under Art. II, § 19, Okl. Const., 11 O.S.Supp.1983, § 28–102(B), and *Valega v. City of Oklahoma City*, 755 P.2d 118 (Okl.Cr.1988). We agree that the constitutional and statutory provisions regarding jury trials were not triggered in this case.

■ Article 2, Section 19 of the Oklahoma Constitution provides in pertinent part:

> the right of trial by jury shall be and remain inviolate, except in ... criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts.

Title 11 O.S.Supp.1983, § 28–102, addresses the right of a jury trial in a municipal criminal court of record. Section 28–102 provides in pertinent part:

> Except in cases when the penalty provided for the violation for an ordinance does not exceed a fine in the amount of One Hundred Dollars ($100.00), all persons charged before such municipal criminal court shall be entitled to a trial by jury, unless waived by the defendant.

In the present case, the Appellant was charged in the Municipal Court of Tulsa[1], with three offenses wherein the punishment for each is a fine only, the maximum fine being one hundred dollars ($100.00). (O.R. 8, 10, 12). Thus Appellant was not entitled to a jury trial under either the constitution or statutes.

This determination is not inconsistent with our recent decision of *Neahring v. State*, 804 P.2d 1142, 62 OBJ 244 (Okl.Cr. 1991). In *Neahring* we addressed the Legislature's expansion of the constitutional

---

1. The Municipal Court of Tulsa is a municipal court of record pursuant to 11 O.S.Supp.1983, § 28–102(B). Title 23, Tulsa Revised Ordinances, Section 1.

provision in 22 O.S.1981, § 601, which provides for a jury trial in cases where the possible punishment is a fine only, between $20.00 (twenty dollars) and $100.00 (one hundred dollars). *See also Guindon v. State*, 627 P.2d 449, 451 (Okl.Cr.1981). We found that Appellant Neahring, who had been charged in District Court with the violation of a traffic offense for which the possible punishment was incarceration in the county jail and/or a fine not exceeding $100.00 (one hundred dollars), had been improperly denied her right to a jury trial pursuant to Section 601. The instant case is distinguishable as Appellant's violation of city ordinances, brought in municipal court fell directly under the provisions of 11 O.S.Supp.1983, § 28–102(B).

Based upon the foregoing, we find that the trial court properly denied Appellant's request as he was not entitled to a jury trial for the violation of city ordinances against Disturbing the Peace, Resisting Arrest, and Violent and Abusive Language. Accordingly, this assignment of error is denied.

In his second, third, fourth and fifth allegations of error, Appellant complains about the trial court's joinder of the four offenses for trial. In overruling Appellant's motion for separate jury trials, the trial court joined the offenses with the refusal to pay bus fare heard before the jury and the remaining three offenses heard by the judge.

■ Joinder of separately punishable offenses is permitted pursuant to 22 O.S. 1981, § 436. *Dodson v. State*, 562 P.2d 916, 923 (Okl.Cr.1977) (Brett, J., specially concurring). This section provides for joinder of separately punishable offenses allegedly committed by the accused if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transactions. *Glass v. State*, 701 P.2d 765, 768 (Okl.Cr.1985). The offenses in the present case occurred within thirty minutes of each other, although on two different city buses, and involve the same witnesses.

■ Title 22 O.S.1981, § 439, provides for severance of offenses when either the prosecution or the defense appears to be prejudiced. The decision to grant or deny severance is within the discretion of the trial court, and this Court will not disturb its ruling on appeal absent a clear showing of abuse of that discretion. *Van Woundenberg v. State*, 720 P.2d 328, 331 (Okl.Cr. 1986); *Cooks v. State*, 699 P.2d 653, 658 (Okl.Cr.1985). Here, Appellant failed to establish before trial that he was prejudiced by the joinder, nor do we discern actual prejudice from our review of the record.

■ Appellant also alleges it was error for the trial court to combine a jury trial case with a non-jury trial case. The record reflects that the jury was not informed that as they listened to the evidence and determined guilt or innocence for the offense of refusal to pay bus fare, the judge was likewise determining guilt or innocence on the remaining three charges nor were they informed of the other pending charges against Appellant.

Appellant cites no relevant legal authority in support of his argument that this procedure was improper. We have thoroughly reviewed the record and find that Appellant was not prejudiced by the presentation of the jury trial and non-jury trial at the same time. In the absence of proof of prejudice by the Appellant, we find that a severance of the offenses was not necessary and would have resulted in a considerable waste of judicial resources. This Court has long encouraged the prosecution to join for trial as many offenses as is permissible. *Vowell v. State*, 728 P.2d 854, 857 (Okl.Cr.1986); *Allison v. State*, 675 P.2d 142 (Okl.Cr.1983); *DeLaune v. State*, 569 P.2d 463 (Okl.Cr.1977). Accordingly, we agree that the trial court properly permitted joinder of these offenses for a single trial.

In the sixth assignment of error, Appellant challenges the sufficiency of the evidence in each of the four offenses. "The test for the sufficiency of the evidence is well known: whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985)". *New v. State*, 760 P.2d 833, 835 (Okl.Cr. 1988).

■ The evidence presented by the City showed that Appellant was picked up by the Tulsa transit bus on South Harvard at approximately 8:45 a.m., February 15, 1989. Appellant stepped up to the fare box and reached in his pants pocket. Upon his failure to produce his fare after a few minutes, the driver of the bus, Sandra McKinnie, told Appellant he would need to take a seat and he could pay his fare later. An angered Appellant threw the newspaper he was carrying at the dashboard and walked to the back of the bus, although several seats were available at the front. In so doing, Appellant mumbled to himself. However, the mumbling grew louder until he was shouting obscenities at the bus driver. Appellant told the driver that if she wanted his fare, she would have to come back and get it. Ms. McKinnie was trained, as were all the bus drivers, that when they had a disruptive passenger, they were not to argue but to call a supervisor and remain at their current location. Following company policy, Ms. McKinnie called her supervisor Jesse Beauchamp.

Ascertaining the nature of the problem from Ms. McKinnie, Mr. Beauchamp entered the bus and talked with Appellant. When asked to pay his fare, Appellant refused. Making derogatory remarks about Ms. McKinnie, Appellant stated that no one was going to make him pay his money. With that refusal, Mr. Beauchamp called the police. As they waited for the police to arrive, a second bus, driven by Maggie Foster, arrived to pick up the other passengers from Ms. McKinnie. As the second bus pulled up, Appellant jumped off the first bus and onto the second. Mr. Beauchamp and Tulsa Police Officer George Bristow followed. Upon inquiry by Officer Bristow, Appellant again refused to pay his fare. The officer then attempted to handcuff Appellant. Appellant refused to cooperate, acting in what Officer Bristow described as "passive resistance". With Mr. Beauchamp's assistance, Appellant was handcuffed. As he was taken off the bus, Appellant slid to the floor, again refusing to cooperate or move. Officer Bristow was able to get Appellant to his feet and off the bus, but once at the police car Appellant again refused to cooperate and refused to sit in the police car. Appellant never indicated that he had any health problems which would prevent him from complying with the directions of Officer Bristow. Appellant never offered to pay his bus fare, stating instead that he would not leave the bus until he had been refunded his money.

Reviewing this evidence in light of the city ordinances, provided in full in the original record (O.R. 5–12), we find sufficient evidence was presented upon which a reasonable trier could find the elements of each of the offenses charged beyond a reasonable doubt. Therefore, this assignment of error is denied.

■ In his final assignment of error, Appellant alleges that he was improperly found guilty of direct contempt of court. The City asserts that the issue of contempt of court was not made a part of the record. Our review of the record fails to reveal any recording of any contempt proceedings. We have consistently held that we will not review allegations of error which are neither supported in the record or by legal authority. *Fuller v. State*, 751 P.2d 766, 768 (Okl.Cr.1988); *Wolfenbarger v. State*, 710 P.2d 114, 116 (Okl.Cr.1985), *cert. denied* 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986). Accordingly, this assignment of error is without merit.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., Recused.