43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth Garland FULLER, Petitioner,
v.
Steve HARGETT, Warden; Attorney General of the State of
Oklahoma, Respondents.
 No. 94-7107.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1994.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Kenneth Garland Fuller (Fuller), an Oklahoma state inmate incarcerated in the Joseph Harp Correctional Center, Lexington, Oklahoma, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from an Order of the district court which denied his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254.
 
 
 3
 Fuller was convicted following a jury trial in Oklahoma state district court of two counts of shooting with intent to kill. He was sentenced to life imprisonment on each count, to be served consecutively.
 
 
 4
 On appeal, the Court of Criminal Appeals of Oklahoma affirmed, holding: the evidence was sufficient to sustain the convictions; the trial court did not abuse its discretion in denying Fuller's motion for a continuance; Fuller's contention that the trial court erred in failing to act on his motion to produce was without merit; Fuller's sentence was within the statutory limits; and, the record was otherwise free from error which would justify a modification. Fuller v. State, 751 P.2d 766 (Okla.Crim.App.1988), as corrected by Fuller v. State, 761 P.2d 1293 (Okl.Crim.App.1988)..
 
 
 5
 Thereafter, Fuller filed an application for relief pursuant to Oklahoma's Post-Conviction Procedures Act, 22 Okl.St.Ann. 1080, et. seq. (1981), alleging that he had been denied effective assistance of appellate counsel. Fuller's application was denied and he did not appeal to the Oklahoma Court of Criminal Appeals. Fuller then filed a second post-conviction application in which he alleged that he had been denied his right to be sentenced by a jury and that he had been denied effective assistance of trial and appellate counsel. Fuller's application was again denied and again he failed to appeal to the Oklahoma Court of Criminal Appeals.
 
 
 6
 Fuller subsequently filed a third post-conviction application in which he alleged that he had been denied the right to have a jury decide whether his sentence should be consecutive or concurrent and that he had been denied effective assistance of trial and appellate counsel. Fuller's third application was denied. On appeal, the Oklahoma Court of Criminal Appeals entered an order affirming the denial of post-conviction relief, holding:
 
 
 7
 In an order filed in this Court ... the District Court found that the Petitioner filed a second application for post-conviction relief ... in which his primary ground for relief was ineffective assistance of counsel on appeal. The District Court denied Petitioner's second application.... The denial ... was not appealed to this Court.
 
 
 8
 Petitioner again raised this issue in his third application for post-conviction relief in the District Court. The District Court determined that Petitioner has now waived further consideration of this issue. We agree. Petitioner has failed to provide this Court with sufficient reason concerning why this issue was not asserted or was insufficiently raised in prior proceedings.
 
 
 9
 (R., Vol. I, Tab 6, Exh. J).
 
 
 10
 Fuller then filed his petition for a writ of habeas corpus herein in which he alleged that: he was denied the right to have the jury impose either consecutive or concurrent sentences; he was denied effective assistance of trial and appellate counsel; and, his due process rights were violated by the state courts' failure to adequately review his claims.
 
 
 11
 In its response, the State of Oklahoma argued, inter alia, that Fuller was procedurally barred from claiming that his sentences should have run concurrently rather than consecutively and that he was denied effective assistance of trial and appellate counsel inasmuch as these contentions had been previously raised and rejected by the Oklahoma Court of Criminal Appeals on procedural grounds. The State further argued that Fuller's bald allegation that his due process rights were violated by the failure of the Oklahoma courts to adequately review and rule on his claims was not cognizable in a federal habeas corpus proceeding.
 
 
 12
 In its Order denying Fuller's petition, the district court found that: the doctrine of procedural default generally prohibits a federal court from considering a specific habeas claim where the state's highest court clearly and expressly denied the claim on procedural grounds; only upon a showing of actual cause and prejudice is a federal court permitted to entertain a defaulted claim; there was no cause demonstrated which may overcome the procedural bar; and, there was no prejudice demonstrated because Fuller's trial and appellate counsel were not constitutionally ineffective. Out of "an overabundance of caution," the court also reviewed Fuller's claims on the merits and rejected them, finding that "[t]here is no federal or state right to have a jury decide whether sentences should be consecutive or concurrent," and that Fuller had failed to establish ineffective assistance of counsel. (R., Vol. I, Tab 8 at 4-5).
 
 
 13
 On appeal, Fuller contends that the district court erred (1) in finding that he had waived consideration of his claim that he was entitled to receive concurrent life-imprisonment sentences, and (2) in finding that his claims of denial of effective assistance of counsel at trial and on appeal are procedurally barred and, on the merits, without substance.
 
 
 14
 We review a district court's decision to deny habeas corpus relief de novo. Kell v. United States Parole Commission, 26 F.3d 1016, 1019 (10th Cir.1994); Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.1994). However, we do not address issues that have been defaulted in state court on independent and adequate state procedural grounds, unless cause and prejudice or a fundamental miscarriage of justice is shown:
 
 
 15
 In all cases in which a state prisoner has defaulted his federal claims in a state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 16
 Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 
 17
 Applying these standards, we hold that the district court did not err in denying Fuller's petition for habeas corpus.
 
 
 18
 Fuller's claims that he was entitled to receive concurrent, as opposed to consecutive life-imprisonment sentences, and that his trial and appellate counsel were ineffective were matters considered and rejected by the Oklahoma Court of Criminal Appeals. Under Coleman, the federal district court was barred from considering these claims absent a showing of cause and actual prejudice or a fundamental miscarriage of justice. Fuller has failed to demonstrate cause and actual prejudice and/or that failure to consider his claims will result in a fundamental miscarriage of justice.
 
 
 19
 We affirm the district court's Order denying Fuller's habeas corpus petition.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470