William Grayson **FISCHER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15266.

Court of Criminal Appeals of Oklahoma.

March 17, 1971.

Rehearing Denied April 30, 1971.

Andrew T. Dalton, Public Defender, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max Martin, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, William Grayson Fischer, hereinafter referred to as defendant, was convicted by a jury verdict in the District Court of Tulsa County, Case No. CRF–69–228, with the crime of Uttering a Forged Instrument, After Former Conviction of a Felony. Judgment and sentence was imposed on April 2, 1968, sentencing defendant to fifteen (15) years imprisonment and this appeal perfected therefrom.

Briefly stated, the evidence indicates that the defendant presented a forged

check, State's Exhibit # 1, to employees of J. C. Penny Company Store in Tulsa, Oklahoma, and received some Ninety-two (92) Dollars. The check bore the signature of a Paul Sanner, who testified that the check was one of his that was missing and that the signature on it was a forgery.

◼ The first assignment of error which we shall consider is defendant's contention that the trial court erred in failing to sustain the defendant's motion to quash. The arresting officer testified outside the hearing of the jury that he became suspicious of the defendant when he entered Clarke's Good Clothes, where the officer was an off-duty security guard. The officer observed defendant seek to cash a check using a federal employee identification card. The store did not cash the check and the officer followed defendant out of the store. The officer stopped the defendant, identified himself as a police officer, and asked defendant if he could examine the check and identification card offered in Clarke's. Defendant agreed and the two went into a T. G. & Y. Store where the officer made a phone call and learned that the check was stolen. The officer then arrested the defendant, and advised him of his constitutional rights. On the following day, the same officer, upon inquiry located the forged check cashed by the defendant at J. C. Penny Co., State's Exhibit # 1.

Defendant argues that the evidence offered in the trial against defendant, State's Exhibit # 2, the identification card and the check cashed at Penny's, State's Exhibit # 1, where the fruit of an illegal arrest which did not comply with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. *Miranda* stands for the proposition that an accused in custodial detention may not be interrogated until after he has been fully advised of his rights, including the right to counsel during such interrogation. We do not think the facts in the instant case constitute an interrogation in custodial detention. The defendant was not under arrest

and was not compelled to converse with the officer or surrender the check or identification card. Furthermore, there was no confession or admission against interest by the defendant to the officer which was admitted into evidence which would be inadmissible under the *Miranda* standard. The check given to the officer by defendant was not admitted into evidence. The identification card given to the officer was admitted into evidence but during the trial was identified as the identification card used by the defendant at the time he cashed the check at Penny's. Defendant was not tried in connection with the check he gave the officer. We are, therefore, of the opinion that the trial court did not err in overruling the defendant's motion to quash or in admitting the identification card into evidence.

Defendant further complains of a car search incident to his arrest by the officer. However, since no evidence as a result of this search was introduced, this argument is without merit.

◼ We next consider defendant's contention that the trial court committed error in submitting the former convictions to the jury for the reason that the same were not offenses in Oklahoma. The former convictions offered by the state into evidence were defendant's convictions in United States District Court, New York Eastern District, Case No. 64–CR–115 and 64–CR–6, for transporting in interstate commerce forged checks; and the defendant's conviction in the District Court of Denver County, State of Colorado, Case No. 43613, for the crime of "confidence game." Defendant argues that the federal convictions are not offenses in Oklahoma and that the Colorado conviction does not fall under any Oklahoma prohibition. Defendant contends that although 21 O.S.1961, § 1541 prohibits a confidence game, it was repealed in 1967 and its successor section 1541.1 was not in force at the time of the Colorado conviction. Defendant thus urges that the subsequent offender statute, 21 O. S.Supp.1970, § 51, was improperly invoked to enhance the defendant's punishment.

Title 21, O.S.Supp.1970, § 51, provides in relevant part:

"Every person who having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows * * *."

Title 21, O.S.1961, § 54, provides:

"Every person who has been convicted in any other State, government or country of an offense which, *if committed within this State*, would be punishable by the laws of this State by imprisonment in the penitentiary, is punishable for any subsequent crime committed within this state, in the manner prescribed in the last three sections, and to the same extent as if such first conviction had taken place in a court of this State." (emphasis added)

Accordingly, a foreign conviction may be employed under the Oklahoma subsequent offender statute if the foreign conviction is an offense "which, if committed within this State would be punishable by the laws of this State by imprisonment in the penitentiary." It is the characterization under Oklahoma law which is determinable as to whether or not the foreign offense would be a penitentiary offense in Oklahoma. In Igo v. State, Okl.Cr., 267 P.2d 1082 (1954), this Court held that the:

" * * * basis of the law governing such conviction at the time of the conviction in determining whether or not it could form the basis for the invocation of the habitual criminal act." 267 P.2d at 1103.

■ It is apparent that Oklahoma does not make interstate transportation of a forged check a criminal offense. Thus, defendant's convictions in federal court did not state an offense "punishable by the laws of this state by imprisonment in the penitentiary." Accordingly, defendant's objection to the admission of the federal convictions was improperly overruled.

■ However, the Colorado conviction was properly admitted. Defendant's conviction in Colorado (Fischer v. People, 138 Colo. 550, 335 P.2d 871) was punishable for a term of not less than one year nor more than 20 years imprisonment in the penitentiary. The Colorado offense was thus a penitentiary offense by Oklahoma definition and also was an offense which if committed in Oklahoma would be a violation of 21 O.S.1961, § 1541. The replacement of Section 1541 since defendant's conviction in Colorado is immaterial as it is the time of the conviction which is determinable, Igo v. State, supra.

Although the federal convictions were improperly admitted, the Colorado conviction afforded a proper foundation to invoke the subsequent offender statute, 21 O.S.Supp.1970, § 51.

■ Defendant is correct in his further contention that it was error for the trial court to instruct regarding prison "good time credits." In Williams v. State, Okl. Cr., 461 P.2d 997, this Court held that it was error to instruct the jury on time credits as provided in 57 O.S.Supp.1968, § 138; but that where such instruction was given after a determination of defendant's guilt in a two-stage proceeding, it did not constitute reversible error but would be grounds for modification.

■ Having carefully reviewed the record, we are of the opinion that the evidence of defendant's guilt is apparent and that there is no basis for the reversal of the conviction. However, it was error for the trial court to allow the admission into evidence of defendant's federal conviction and to instruct regarding prison "good time credits". These errors do not require reversal, but may have caused the jury to impose a greater sentence than warranted. Accordingly, the interest of justice requires modification of the sentence.

The sentence of Fifteen (15) Years is hereby Modified to Ten (10) Years, and as so modified, the judgment and sentence is hereby affirmed.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.