James T. DUNHAM, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–798.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1988.

Rehearing Denied Oct. 19, 1988.

 

Mark Barrett, Sp. Counsel, Appellate Public Defender's Office, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James T. Dunham, was convicted in the District Court of Pottawatomie County, Case No. CRF–85–74, on three counts of Sodomy, Crime Against Nature, and one count of Attempted Sodomy, Crime Against Nature, all After Former Conviction of Two or More Felonies. He was sentenced to imprisonment for total consecutive terms of 100 years and brings this appeal.

The facts disclosed by the record reveal that the victim of the charges, a four-year-old boy, was seen sucking another boy's penis by day care workers. When asked how he had learned to act that way, the child responded, "Daddy sucks my pee-pee, Daddy says it's alright and not to tell Mommy."

The child was picked up by a social worker and a Pottawatomie County Juvenile Officer, who discussed the incident with the child and took a video taped statement. The child was then placed in a foster home. Visitation by both parents was on a supervised basis only.

About two months later, the child was allowed to go to his parents' house to celebrate his birthday. After he returned to the foster home, his foster mother noticed that he was experiencing discomfort. When she asked what was wrong, he told her that his daddy had attempted copulation per anus with him. The foster mother contacted the social worker assigned to the case, the police were contacted, a second video taped statement was taken, and approximately one week later an information charging misconduct under 21 O.S.1981, § 886 was filed. After conviction by jury, this appeal was perfected.

As his first assignment of error, appellant seeks reversal with instructions to dis-

miss on the grounds that the child's testimony was the only incriminating evidence and the testimony was not competent. In support of this assignment, appellant first points out that no oath was administered to the child at the time he took the stand at trial. The State's response is not that an oath was administered. Rather, the State relies on a sequence of questions asked by the trial court after the child had already given his testimony in the State's case in chief.

■ The law regarding the requirement that a witness testify under oath is generally very clear in this State. The applicable statute is 12 O.S.1981 § 2603, which states, "Every witness shall be required to declare *before* testifying that he will testify truthfully, ..." (emphasis added). However, it is also well settled that a defendant may waive his right to have the witness sworn where the defendant raised no objection at trial despite knowledge of the irregularity, and where the witness appeared as a defense witness. *Keeney v. State*, 53 Okl.Cr. 1, 6 P.2d 833 (1932).

Although the child in this case was initially called as a State's witness, appellant recalled the child during his case in chief and raised no objection concerning the failure to administer an oath to the child. From this, we hold that the appellant waived his right and cannot now assert it as grounds for reversal. Furthermore, having found waiver of the oath and finding that appellant *did* actually confront the witness, appellant's related assignment alleging violation of his Sixth Amendment rights is without basis.

■ Appellant further objects to the child's testimony on the grounds that the child was incompetent to testify. Under 12 O.S.1981 § 2601, all persons are presumed competent to testify. In *Hicks v. State*, 713 P.2d 18 (Okl.Cr.1986), this Court held that a child's testimony was competent where it was ascertained that she could distinguish truth from fiction, took an oath, and demonstrated that she had personal knowledge of the crime. There is no question whether the child in this case had personal knowledge. The oath was waived as above discussed. The remaining issue is whether this child could distinguish truth from fiction. Although he showed some confusion during the trial, the child in this case affirmatively recognized that he would be punished for making up stories. The child's responses satisfied the judge that the testimony was reliable. Determination of a witness' competency to testify is a matter of discretion for the trial judge, and that determination will not be disturbed unless the party asserting error shows a clear abuse of discretion. *Lancaster v. State*, 541 P.2d 1343 (Okl.Cr.1975). Appellant has failed to make such a showing, and we are bound to abide by the trial judge's decision.

Appellant next asserts that reversible error occurred when certain testimony was received in evidence. First, appellant objected to a line of cross-examination by the State concerning allegations of past homosexual conduct by the appellant. The court overruled the objection but did not state any reasons. Appellant argues that the remarks were not admissible under 12 O.S. 1981, § 2404. The State asserts that the line of questions were used merely to impeach the credibility of the witness and were therefore admissible under 12 O.S. 1981, § 2609. Neither argument is well made.

■ First, it must be recognized that rulings on admission of evidence are to be resolved in the sound discretion of the trial court. Absent prejudice or breach of defendant's fundamental rights, this Court will not disturb the ruling. *Cooper v. State*, 671 P.2d 1168 (Okl.Cr.1983). The Evidence Code, Title 12 O.S.1981 § 2104.A.1, states that error may not be predicated on the admission of evidence unless a substantial right of the party asserting error has been affected and a timely objection stating specific grounds appears on the record, but specific grounds need not be stated if they are apparent from the context. Objection was raised in this case, but the grounds were not stated. Unless the grounds are apparent from the context, no error may be predicated on admission of the evidence under

§ 2104.A.1. The context of the question raises possibilities of other crime evidence, general character evidence, evidence of habit, hearsay evidence, and a host of others. After an off-the-record conference, the objection was generally overruled. No further objections were raised on this line of questions.

■ Because this Court cannot ascertain the grounds for the objection, it will not be addressed unless fundamental error is shown. Appellant asserts that under *Davis v. State*, 413 P.2d 920 (Okl.Cr.1966), fundamental error occurred because the State insinuated that it had proof of extraneous illegal activities without showing that there was a sound basis for believing the allegations to be true. In that case, however, error occurred because there was no proof of prosecutor's clear implications of illegal conduct, and the prosecutor refused to accept the defendant's denials of such conduct. In this case, an inference of illegal conduct came from the fact that the questions concerned information in a probation report. Appellant admitted on the stand that the probation officer had interviewed him in jail. When appellant denied making the statements contained in the report, the prosecutor clarified what exactly was being denied and dropped the matter. Thus, there was at least some proof of the conduct and there was no misconduct by the prosecutor. Because of the distinctions between this case and *Davis*, and because appellant cites no other authority on point to show fundamental error, this Court will not review this assignment on appeal.

■ Appellant asserts also that use of several witnesses' opinions concerning the child's truthfulness warrants reversal. While it is true that it is improper for a witness to give an opinion on whether a defendant is guilty or innocent, *Daniels v. State*, 554 P.2d 88 (Okl.Cr.1976), this is not such a case. The witnesses in this case did not give any opinions as to whether they thought appellant was guilty. They merely related their impressions of the child's truthfulness. Other expert testimony was elicited that four-year-olds generally could not tell a lie consistently. This was all to bolster the child's credibility which had been attacked by the defense.

Appellant argues that just as a prosecutor's comments on guilt or innocence is fundamental error, *Cobbs v. State*, 629 P.2d 368 (Okl.Cr.1981), a State's witness' opinion of the child's truthfulness in this case should be viewed as fundamental error. The argument is without support and without merit. This assignment does not warrant reversal.

■ Appellant next asserts that testimony was taken concerning his exercise of Fifth Amendment privileges. He correctly states that under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), post-arrest silence may not be used to impeach a defendant's testimony. However, there is nothing in this case that suggests that appellant was under arrest. Even if he were, the error was waived when no objection was raised. *Boomershine v. State*, 634 P.2d 1318 (Okl.Cr.1981).

■ Appellant complains that the prosecutor attempted to assassinate the character of defense witnesses. A witness may be cross-examined as to any matter tending to show bias or prejudice or circumstances under which one would be tempted to swear falsely. *Pannell v. State*, 640 P.2d 568 (Okl.Cr.1982). Furthermore, the limit on the scope of cross-examination is a matter for the trial judge's discretion, and reversal will be granted only on a showing of clear abuse of discretion and manifest prejudice to the defendant. *Hall v. State*, 698 P.2d 33 (Okl.Cr. 1985). In this case, the State was allowed to show that some defense witnesses had been investigated by the Department of Human Services for truancy problems with their children, and those defense witnesses were long time friends of appellant. We see no clear abuse of discretion in allowing that testimony. It did nothing more than establish bias against the State and in favor of appellant. Cross-examination also brought out that appellant and his wife were common law spouses. This, too, established bias, and the manner of questioning did not go beyond the bounds pre-

scribed in 12 O.S.1981, § 2611. Furthermore, there was no objection raised by appellant, and any error that might have occurred was waived. *Hill v. State*, 672 P.2d 308 (Okl.Cr.1983), *cert. denied*, 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138.

 Appellant also attacks the verdict on Count II of the Information for insufficiency of the evidence. If, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt, then this Court will not disturb the verdict for insufficiency. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). The charge on this count was attempting copulation per anus, in which such attempt was defeated by the child's inability to penetrate the stepfather. The evidence supporting conviction included the child's video-taped statement, and the testimony of two people who had learned of the conduct through the child. The problem arose when, at trial, the child testified that he could not remember that the event had ever happened. Appellant relies on *Weaver v. State*, 446 P.2d 64 (Okl.Cr.1968), for the proposition that prior inconsistent statements of a witness cannot be considered as substantive evidence. He further reasons that since the child was the only witness present at the time of the alleged acts, his testimony at trial was the only evidence competent to convict.

 While appellant's argument might be persuasive in an appropriate case, we do not believe that this is the one. In *Weaver*, the prior inconsistent testimony of the witness was essential for conviction, and the defense objected to use of the prior statements for any purpose other than impeachment and requested an instruction on it. The witness acknowledged having made the prior statement and specifically declared that it was untrue. In this case, the child had unexplained knowledge of unnatural and illegal sexual conduct. He had consistently related that he had learned of it because he had experienced it. When at trial he failed to testify again, it was be-

cause of his lack of memory, not because he remembered his prior statement and refuted it. The prior statement was properly introduced under 12 O.S.Supp.1984, § 2803.1, the court having determined that it carried sufficient indicia of reliability and the child having testified at the trial. When the child's testimony at trial failed to reaffirm the prior statement, the most that could have happened was to create a question concerning the child's credibility. The testimony of other State's witnesses was before the jury, and the jury's determination of the credibility of the witnesses should not be disturbed. *Rice v. State*, 666 P.2d 233 (Okl.Cr.1983). Under the *Jackson* and *Spuehler* cases, this court declines to reverse the conviction on Count II.

 Appellant asserts that reversible error occurred in the admission of testimony by others of the child's prior statements. He reasons that this testimony was rendered inadmissible at the time that the child gave testimony inconsistent with those statements. We first point out again that the child did not refute the accuracy of his prior statements. He simply had a memory lapse under the strain of trial. The testimony was incomplete, not inconsistent.

> It has been noted that children have a generally poor sense of time and often have poor memories.... These characteristics are especially problematic in light of most children's limited experience and understanding of such things as sexual assault. When a child is subjected to the physical and emotional stress of the usual investigatory and trial procedures, the problems inherent in child testimony are intensified. In a stressful situation, a child may also regress to a less mature state, thus increasing his inability to effectively communicate the events.

Maye and Meiring, *Child Witness in Abuse Prosecutions*, 56 O.B.A.J. 2946, 2953 (1985). Other testimony to support the child's prior statement was not improperly admitted. It was perfectly competent to fill in the gaps of the child's memory, which failed under the stress of a trial to

convict his own stepfather. Even if it were not competent, the error was waived by appellant's failure to raise a timely objection. *Bristow v. State*, 644 P.2d 118 (Okl. Cr.1982).

As a final grounds for reversal, appellant seeks a new trial on the grounds that he did not receive competent representation by counsel. The Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) set forth a two pronged test to determine whether counsel's performance requires reversal. First, appellant must show that counsel's performance was deficient. Second, appellant must show a reasonable probability that but for the deficiency, the result of the proceedings would have been different. Appellant raises several instances in which he claims counsel failed to object, or failed to make certain arguments. After a review of the record, some of these instances simply did not occur, and the others, if deficiencies at all, were not such as would show a reasonable probability of a different result. This Court has said that trial counsel's conduct and strategy should not be second guessed with the benefit of hindsight. *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980). We find nothing in counsel's conduct which would overcome the strong presumption that counsel provided reasonable professional assistance, *Strickland, supra*, and reversal will not be granted on this assignment.

■ Appellant seeks a reduction of his sentence because the jury was improperly allowed to consider a former conviction for enhancement of punishment. He argues that a conviction for tampering with a motor vehicle under Rev.Stat.Mo., § 560.161 (1969) was a misdemeanor under Oklahoma law. After comparing the elements of the Missouri offense against 21 O.S.1981, §§ 1787 and 1788 as required by *Fischer v. State*, 483 P.2d 1165 (Okl.Cr.1971), we find the argument to have merit, and modification of the sentences is warranted. The State's argument that it was a felony is without merit because the length of the sentence imposed under Missouri law is not a proper basis for determining whether a crime is a misdemeanor or a felony under Oklahoma law.

Therefore, all counts, having been denominated as crimes "After Former Conviction of Two or More Felonies," will be reduced to crimes "After Former Conviction of a Felony." Furthermore, the sentences imposed therefore will be reduced as follows: Count I, Sodomy, Crime Against Nature, sentence reduced from 25 years to 10; Count II, Attempted Sodomy, Crime Against Nature, from 20 years to 10 years; Count III, Sodomy, Crime Against Nature, from 25 years to 10 years; and Count IV, Sodomy, Crime Against Nature, from 30 years to 10 years.

The judgment of the trial court as MODIFIED is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I respectfully dissent to the majority's disposition of appellant's second assignment of error. It was reversible error for the trial court to allow testimony regarding appellant's past sexual behavior under 12 O.S.1981, § 2609.

Section 2609 of the Evidence Code allows for a witness to be impeached by the introduction of past criminal convictions. In the present case, the testimony as to appellant's possible homosexuality was not even remotely connected to any past conviction of appellant. Defense counsel objected to the line of questions regarding appellant's possible homosexuality, but was overruled.

Neither was such evidence admissible under Section 2608(B). While Section 2608(B) allows for cross-examination into specific instances of conduct, the questioned conduct must be probative of the witness' truthfulness or untruthfulness. Appellant's possible homosexuality has no bearing on his credibility for truthfulness or untruthfulness.

Furthermore, such testimony was highly prejudicial to appellant especially in light of the crime with which he was charged. This Court, in *Tobler v. State*, 688 P.2d 350, 354 (Okla.Crim.App.1984), reversed the defend-

ant's conviction due to prosecutorial misconduct wherein the prosecutor made repeated references to the defendant's possible homosexuality. In addressing these comments, we stated:

> However, we find not a semblance of relevance to that discussion ... The conclusion is clear that allegations of appellant's homosexuality served no probative purpose whatever, and only served to inflame the jury.

In the instant case, such evidence served no purpose but to inflame the passions of the jury.

Accordingly, I would reverse and remand this case for a new trial.