978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Everette M. RICHARDSON, Petitioner-Appellant,
v.
Robert J. TANSY; Attorney General, State of New Mexico,
Respondents-Appellees.
 No. 91-2127.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Everette M. Richardson appeals the district court's denial of his petition for habeas corpus relief and applies to the court for a certificate of probable cause. We grant the certificate of probable cause, and we exercise jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 Mr. Richardson claims that his counsel rendered ineffective assistance in failing to investigate the validity of prior convictions used to enhance his sentence on the basis that he is a habitual offender. We affirm the district court's judgment.
 
 
 4
 Mr. Richardson was charged in New Mexico state court with one count of attempting to obtain a controlled substance by fraud, misrepresentation, forgery, deception or subterfuge, in violation of N.M.Stat.Ann. § 30-31-25. In addition, based on three prior convictions in Texas for forgery that resulted from guilty pleas, Mr. Richardson was charged with being a habitual offender in violation of N.M.Stat.Ann. § 31-18-17. He pleaded guilty to the first charge and received a suspended sentence and probation. With respect to the second charge, Mr. Richardson admitted he was the person previously convicted of the Texas forgery charges. He was adjudged a habitual offender and sentenced on November 14, 1986, to eight years in prison. Mr. Richardson filed habeas corpus petitions in the state court challenging the constitutional validity of the habitual offender conviction. These petitions were denied, and the New Mexico Supreme Court denied his petition for a writ of certiorari.
 
 
 5
 On June 7, 1987, Mr. Richardson filed a pro se habeas corpus petition in the federal district court pursuant to 28 U.S.C. § 2254, which he amended on June 14, 1988. After an evidentiary hearing at which Mr. Richardson was represented by counsel, the magistrate judge recommended that the petition be dismissed. On April 24, 1991, the district court adopted the proposed findings of the magistrate judge and dismissed the petition with prejudice.
 
 
 6
 At his habitual offender proceeding, Mr. Richardson was advised of his rights and informed of the consequences of admitting he was the person convicted of the Texas charges. He alleges, however, that he was denied his Sixth Amendment right to effective assistance of counsel with respect to this proceeding because of his counsel's failure to investigate the validity of the prior convictions.
 
 
 7
 A claim of ineffective assistance of counsel raises a mixed question of law and fact. United States v. Maxwell, 966 F.2d 545, 547 (10th Cir.1992). We review the facts found by the district court under a clearly erroneous standard and review the ultimate legal issues de novo. United States v. Miller, 907 F.2d 994, 996 (10th Cir.1990). To prove his ineffective assistance of counsel claim, Mr. Richardson has the burden of showing both that his counsel's performance was deficient and that that deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Rhodes, 913 F.2d 839, 844 (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991).
 
 
 8
 The first prong of this test can be established by showing that the attorney's advice was not within the wide range of competence demanded of attorneys in criminal cases. Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989) (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)). The proper standard for measuring attorney performance is reasonably effective assistance. Id. The defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Moreover, "the performance of defendant's counsel 'must be considered in light of the strength of the government's case.' " United States v. Rivera, 900 F.2d 1462, 1474 (10th Cir.1990) (quoting Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986)).
 
 
 9
 The second prong of the test can be satisfied by showing that "there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Laycock, 880 F.2d at 1187. As the Supreme Court has explained:
 
 
 10
 [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.
 
 
 11
 Hill, 474 U.S. at 59.
 
 
 12
 Mr. Richardson claims that his counsel's performance was deficient because she failed to make any inquiry into the validity of the prior convictions used as the basis for the enhanced sentence. He contends that the guilty pleas leading to the convictions were not voluntarily and intelligently made because he did not understand the elements of the crimes to which he pleaded guilty, he was not admonished as to the range of punishment, and he was not properly advised of his constitutional rights. Therefore, he contends, the convictions were void. See Rhodes, 913 F.2d at 843. Had his counsel reasonably investigated the validity of these prior convictions and had she informed him that their invalidity could be used as a defense to the habitual offender charge, he claims he would not have pleaded guilty to that charge.[1] Because he pleaded guilty, he contends he was prejudiced by his attorney's ineffective assistance.
 
 
 13
 At his hearing the only evidence Mr. Richardson presented was his own testimony and copies of the judgments evidencing his prior convictions. He testified that his attorney had shown him copies of the judgments evidencing the prior convictions and had asked whether he had been represented by counsel in connection with his guilty pleas to the Texas charges. He had told her he had been and that different counsel represented him each time. He also testified that his attorney did not ask him any questions concerning the quality of those earlier representations or the proceedings surrounding the guilty pleas. Additionally, he testified that he did not give his attorney any reason to question the validity of the Texas convictions.
 
 
 14
 We need not address nor express opinion on whether Mr. Richardson has met his burden under the first prong of Strickland because he has not demonstrated that he suffered prejudice as required under Strickland 's second prong. See Rhodes, 913 F.2d at 844-45. The record of his state court judgments show on their face that his pleas were voluntarily and intelligently made, see United States v. Davis, 929 F.2d 554, 557-58 (10th Cir.1991) (finding trial court's journal entry sufficient to prove voluntary and intelligent guilty plea where journal entry recited that "the plea was freely and voluntarily made with an understanding of the nature of the charge and the consequences of the plea"). He has not challenged the accuracy of these judgments of conviction. We cannot say that under these circumstances there is a reasonable probability that Mr. Richardson would not have pleaded guilty and would have insisted on going to trial had his counsel further investigated his prior convictions. See Laycock, 880 F.2d at 1187. And more to the point, we cannot say it is likely that his counsel's further investigation of his prior convictions would have changed the outcome of a trial. See Hill, 474 U.S. at 59. Therefore, Mr. Richardson has failed to demonstrate any constitutional violation.
 
 
 15
 Mr. Richardson's application for certificate of probable cause is GRANTED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Richardson did not actually plead guilty to the habitual offender charge. He admitted he was the same person as had been convicted of the charges listed in the Texas judgments, and he did not defend against the habitual offender charge. Based on that admission, he was adjudged a habitual criminal offender