UNITED STATES COURT OF APPEALS
**Filed 10/22/96**
FOR THE TENTH CIRCUIT

BOOKER T. RICHARDSON,

      Petitioner-Appellant,

v.

EDWARD L. EVANS, Warden,

      Respondent-Appellee.

No. 95-6464
(D.C. No. CIV-94-1215-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Booker T. Richardson appeals from the district court's order adopting the magistrate judge's findings denying his petition for a writ of habeas corpus filed pursuant to U.S.C. § 2254.  He was convicted by jury of one count of possession of marijuana with intent to distribute (Okla. Stat. tit. 63, § 2-401) after prior conviction of a felony, and two counts of failure to stop at a roadblock (Okla. Stat. tit. 21, § 540B) after prior conviction of a felony.  Richardson was sentenced to life imprisonment for the possession with intent to distribute conviction, and was sentenced to ten years' imprisonment for each of the two failure to stop at a roadblock convictions, to be served consecutively.  We have jurisdiction, and affirm in part, reverse in part, and remand.

Agent Darrell Weaver was assigned to the Oklahoma Bureau of Narcotics' district office in Lawton, Oklahoma, when he began investigating Richardson's activities.  Agent Weaver testified that on four occasions prior to January 31, 1990, he traveled to Richardson's home in Vernon, Texas, and attempted to get Richardson to sell him marijuana, and that Richardson sold him marijuana on two of those occasions.

Agent Weaver traveled to Richardson's residence on January 31, 1990, to arrange the marijuana purchase for which Richardson was convicted.  Richardson

showed Agent Weaver some of his vehicles in his garage and told Agent Weaver that his house and the vehicles had been paid for by "selling joints." See Trial Tr. at 196. Agent Weaver also testified that Richardson told him that "he was fifty-one years old and that he had been selling marijuana for forty years." Id. at 197. The two men agreed to meet at a supermarket in Altus, Oklahoma to consummate the transaction. The two men met in Altus on February 2, 1990. After meeting with his "source," Richardson offered to sell Agent Weaver several medium sized plastic bags of marijuana. Agent Weaver gave a "bust signal" to the surveillance team, which closed in, pursued Richardson and arrested him.

## I.

Richardson cites State v. Stuart, 855 P.2d 1070 (Okla. Crim. App. 1993), and contends the statements he made to Agent Weaver at his home in Vernon should not have been admitted because Agent Weaver was acting outside his jurisdiction. In Stuart, an officer acting outside his jurisdiction arranged a controlled drug purchase. He then signed an affidavit supporting a search warrant for the defendant's home. The Oklahoma Court of Criminal Appeals suppressed the items seized in the search, reasoning that the officer who signed the warrant acted unlawfully in arranging the controlled purchase. Id. at 1073-74.

Stuart is premised upon the Fourth Amendment's prohibition against unreasonable search and seizure. See United States v. Richardson, 86 F.3d 1537,

1543-44 (10th Cir. 1996), petition for cert. filed, No. 96-5881 (U.S. Sept. 3, 1996). The rule in Stuart is state law, which we may consider in conducting our analysis, but this state law rule can neither enlarge nor diminish applicable federal law. See id. at 1544.

Richardson does not complain of an unreasonable search or seizure resulting from Agent Weaver's actions. Indeed, he could not raise such a claim in a federal habeas proceeding. See Stone v. Powell, 428 U.S. 465, 494 (1976)(generally barring unconstitutional search or seizure claims in § 2254 habeas proceedings). Rather, he contends Stuart should be read broadly, as barring on due process grounds the use of voluntary statements made by a defendant to an undercover agent who is acting outside his jurisdiction.

In evaluating this claim, we consider whether the admission of the challenged evidence was so fundamentally unfair as to constitute a denial of due process. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990). We note there is no showing that Richardson's statements to Agent Weaver were anything but voluntary. Richardson was not under arrest when he made the statements. Moreover, he fails to show there was anything special about Agent Weaver's status as an Oklahoma police officer; that is, that Richardson would not have made the statements to another private citizen under the circumstances. Richardson has simply failed to demonstrate, through his due process claim, that

any protected constitutional right was violated under these circumstances. See United States v. Payner, 447 U.S. 727, 737 n.9 (1980).

## II.

Richardson's second claim of error is closely related to his first. He asserts the government acted outrageously, and violated his right to due process, by luring him into Oklahoma to participate in the drug transaction. See United States v. Russell, 411 U.S. 423, 431-32 (1973)(discussing outrageous conduct defense in relation to due process). We review de novo the issue of whether a law enforcement agent's conduct is outrageous. United States v. Sneed, 34 F.3d 1570, 1576 (10th Cir. 1994). "[T]he relevant inquiry is whether, considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous, and intolerable that it offends the universal sense of justice." United States v. Lacey, 86 F.3d 956, 964 (10th Cir. 1996)(citation omitted), petition for cert. filed, No. 96-6019 (U.S. Sept. 9, 1996).

Although this court has recognized the outrageous conduct defense, we have never been presented with government conduct sufficiently egregious to warrant dismissal. Id. This case is no exception. In assessing Richardson's outrageous conduct defense, we examine two factors: whether there was "excessive governmental involvement in generating a new crime solely to prosecute it or in inducing a defendant to become involved in the crime for the

first time," Sneed, 34 F.3d at 1577, and "whether the government's means of influencing the defendant into participating in the scheme were substantially coercive to the point of being outrageous," id. at 1578.

The evidence adduced at trial indicates Richardson was a long-time marijuana dealer who willingly agreed to sell marijuana to Agent Weaver on several occasions. Agent Weaver's foray into Texas to seek out criminal activity is not sufficiently outrageous to constitute a deprivation of due process. Cf. United States v. Gambino, 566 F.2d 414, 419 (2d Cir. 1977)(claim that federal jurisdiction "contrived" failed where defendant voluntarily engaged in criminal activity involving interstate commerce), cert. denied, 435 U.S. 952 (1978).

### III.

Richardson next claims the state improperly used evidence of other crimes at his trial, and failed to give him the notice required by Burks v. State, 594 P.2d 771 (Okla. Crim. App. 1979), overruled on other grounds, Jones v. State, 772 P.2d 922, 925 (Okla. Crim. App. 1989). We note, initially, that the requirement of a so-called Burks notice is a state rule which we have declined to adopt in this circuit. See United States v. Kendall, 766 F.2d 1426, 1441 n.6 (10th Cir. 1985), cert. denied, 474 U.S. 1081 (1986). Moreover, a state court's admission of evidence of other crimes does not warrant habeas relief unless "the probative value of such evidence is so greatly outweighed by the prejudice flowing from its

admission that the admission denies the defendant due process of law." Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir. 1989), cert. denied, 497 U.S. 1010 (1990).

Richardson complains of the admission of his statement that he acquired his home and cars through his drug dealings. He admits, however, that these statements "may have been probative of his intent to distribute." Appellant's Br. at 28. We agree. "[U]se of prior drug involvement to show plan, motive or intent in a drug trafficking offense is appropriate." United States v. Sturmoski, 971 F.2d 452, 459 (10th Cir. 1992). Any prejudice stemming from admission of this evidence was outweighed by its probative value on the issue of intent (to distribute). There was no violation of due process by its admission.

Richardson further argues Agent Weaver hurled "evidentiary harpoons" during his testimony. See United States v. Hooks, 780 F.2d 1526, 1535 n.3 (10th Cir.)(defining "evidentiary harpoons"), cert. denied, 475 U.S. 1128 (1986). Agent Weaver testified, without being asked, that Richardson told him he could recognize the weight of marijuana just by looking at it. When Richardson's counsel later asked him, on cross-examination, whether Richardson had tried to sell Agent Weaver marijuana during his previous visits to his home, Agent Weaver responded that he had successfully sold him marijuana twice. Richardson contends Agent Weaver made these statements deliberately, with the purpose of

offering inadmissible, prejudicial evidence against him. See id. Each of these statements, however, was relevant to the issue of intent to distribute marijuana. Their admission did not result in a trial so fundamentally unfair as to deny appellant due process. See Hopkinson, 866 F.2d at 1197.

IV.

Richardson next argues his prior Texas conviction was improperly used to enhance his sentences, because the Texas crime would not have been a felony in Oklahoma.[1] A foreign conviction may only be used under the Oklahoma subsequent offender statute where it is for an offense "which, if committed within this State would be punishable by the laws of this State by imprisonment in the penitentiary." Fischer v. State, 483 P.2d 1165, 1168 (Okla. Crim. App. 1971)(quotation omitted); see also Dunham v. State, 762 P.2d 969, 975 (Okla. Crim. App. 1988)(reversing enhancement based on Missouri crime which was only misdemeanor under Oklahoma law). The Texas conviction was for possession of marijuana over four ounces, a third degree felony in Texas. See

---

[1] Richardson's marijuana conviction was enhanced under Okla. Stat. tit. 63, § 2-401(C), the possession with intent to distribute statute, rather than under Okla. Stat., tit. 21, § 54, the general foreign conviction enhancement statute. Richardson received the maximum sentence of life imprisonment, which was the same maximum sentence which he could have received without the enhancement. See Okla. Stat. tit. 63 § 2-401(C). Therefore, any claim of wrongful enhancement concerning his life sentence is moot. The remaining enhancement claims are justiciable, and we consider them.

Tex. Health & Safety Code Ann. § 481.121(b)(3) (West 1992). Possession of this amount of marijuana would, however, only have been a misdemeanor under Oklahoma law. See Okla. Stat. tit. 63, § 2-402(B)(2).

The magistrate judge, citing Johnson v. Cowley, 40 F.3d 341, 345 (10th Cir. 1994), concluded this sentence enhancement issue merely involved a state court's interpretation of its own sentencing statutes, and was therefore not cognizable in a federal habeas proceeding. Johnson does not stand for the proposition that sentence enhancements are entirely exempt from constitutional scrutiny, however. Clearly, errors in application of the sentence enhancement law which violate constitutional rights are cognizable in federal habeas proceedings. See id. at 346 (recognizing "procedural protections apply to habitual offender proceedings" and remanding for determination of voluntariness of stipulation to past conviction).

The Due Process Clause of the Fourteenth Amendment prohibits state courts from depriving persons of liberty or property as punishment for criminal conduct except to the extent authorized by state law. See Whalen v. United States, 445 U.S. 684, 689 n.2 (1980); see also Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)(rejecting argument that defendant's interest in the jury's exercise of sentencing discretion is merely a matter of state procedural law). Here,

Richardson claims he received a sentence patently in excess of the maximum permitted. This claim implicates due process concerns.

Moreover, this is not a case where we are called upon to reexamine a state court decision on a state law question. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Pertinent decisions from the Oklahoma courts unequivocally support Richardson's position. See, e.g., Dunham, 762 P.2d at 975. Neither the Oklahoma district court, nor the Oklahoma Court of Criminal Appeals provided any discussion of the merits of this issue.[2] Thus, there is no state decision on the merits to "reexamine."

The state argues, however, that since Richardson was convicted of possession of more than four ounces of marijuana, he could have been convicted of possession with intent to distribute (a felony) in Oklahoma. Richardson was not convicted of possession with intent to distribute, and we cannot supply the

---

[2] The magistrate judge found this issue was procedurally barred because Richardson's counsel did not raise it at trial and Richardson asserted no independent Sixth Amendment claim concerning his attorney's failure to raise the issue. Richardson did raise this issue to the Oklahoma Court of Criminal Appeals, however. In an unpublished decision, that court denied Richardson's appeal, not on the basis of procedural bar, but because "neither reversal nor modification is required under the law and evidence." Richardson v. State, No. F-93-518, at 2 (Okla. Crim. App. Apr. 26, 1995). Thus, the issue is not procedurally barred from consideration in this court. See Harris v. Reed, 489 U.S. 255, 263 (1989).

missing element, as the state suggests. The state's argument, which is unsupported by any authority, lacks merit.

We conclude Richardson's right to due process was violated when his sentences for failure to stop at a roadblock were enhanced by improper use of the prior Texas conviction. The appropriate remedy requires an adjustment of his sentence. See Dunham, 762 P.2d at 975.[3]

V.

Finally, Richardson contends his counsel was ineffective in failing to object to the admission of Agent Weaver's statements during the course of his trial. We have already determined that admission of these statements did not deprive Richardson of a fair trial. Therefore, counsel's omissions do not rise to the level of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

The judgment of the district court is AFFIRMED on all issues except the due process enhancement issue as to Richardson's sentences for failure to stop at

---

[3] Richardson additionally argues the prosecutor's characterization of the Texas offense as a felony (which it was, in Texas) was inherently prejudicial and somehow misled the jury into giving him the maximum sentence on the marijuana offense. We find no additional constitutional error in the prosecutor's argument.

a roadblock, which is REVERSED and REMANDED for further proceedings in accordance with this order and judgment.[4]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[4] While this appeal was pending, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Title I of the Act provides that an application for a writ of habeas corpus on behalf of a prisoner in custody pursuant to a state court judgment will not be granted unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Even if the Act should be applied retroactively to this proceeding, appellant's due process claim meets the criteria in (2), and is thus properly considered by this court.