**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LANDREE E. WAUFORD, also
known as Landree Earl Wauford,

Plaintiff-Appellant,

v.

STATE OF NEW MEXICO;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Defendants-Appellees.

No. 98-2134
(Dist. of New Mexico)
(D.C. No. CIV 97-1335)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has unanimously determined that oral argument would not be of material

assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on petitioner Landree Wauford's application for a certificate of appealability. Wauford seeks a certificate of appealability so that he can appeal the district court's dismissal of Wauford's 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1) (providing that no appeal can be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a certificate of appealability).

Under New Mexico law, "[a]ny person convicted of a noncapital felony . . . who has incurred one prior felony conviction . . . is a habitual offender and his basic sentence shall be increased by one year, and the sentence imposed . . . shall not be suspended or deferred." N.M. Stat. Ann. § 31-18-17. In 1992, Wauford was convicted of attempted armed robbery, aggravated burglary, and escape. Pursuant to New Mexico's habitual offender statute, the state trial court enhanced Wauford's sentence based on a 1983 New Mexico conviction for armed robbery. In the instant § 2254 petition, Wauford asserts that the habitual criminal enhancement violates his rights under the Sixth and Fourteenth Amendments because the 1983 conviction was the result of an unknowing and involuntary guilty plea. Wauford further alleges that his trial counsel was ineffective for failing to investigate the 1983 conviction and challenge the habitual offender enhancement.

The district court succinctly summarized the procedural history of this case as follows:

> [Wauford] previously filed an application attacking the same 1992 state sentence at issue in this proceeding. *Wauford v. State*, No. CIV-95-0647 NV/RLP. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (a court may take judicial notice of its own record). As grounds for the previous application, [Wauford] claimed he was denied a speedy trial, his plea was coerced, and he was denied effective assistance of counsel. He also claimed his sentence was wrongfully enhanced for a 1983 felony conviction under New Mexico's habitual offender statute.
> Before counsel was appointed in the previous proceeding, [Wauford] moved to dismiss the habitual offender claim without prejudice in order to exhaust the claim in state court. That motion was granted by the Court. Later, while represented by counsel, [Wauford] filed a pro se motion to amend the application in order to reassert the habitual offender claim, alleging that the claim had been exhausted. The Court dismissed with prejudice [Wauford's] claims based on speedy trial, coerced plea, and assistance of counsel, though no ruling was made on the motion to amend. [Wauford] now reasserts the habitual offender claim in this proceeding.

Dist. Ct. Order at 1-2. In light of this procedural history, the district court assumed the petition was not barred as successive or abusive and proceeded to decide the petition on the merits.

As to the merits of Wauford's petition, the district court first concluded that Wauford's claim about the "misapplication" of the habitual criminal enhancement was purely a question of state law not congnizable under § 2254. Dist. Ct. Order at 2 (citing *Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir. 1990)). *But see Higgins v. Smith*, 991 F.2d 440, 442-43 (8th Cir. 1993) (Gibson,

-3-

J., dissenting) (noting conflict among courts as to whether sentence imposed in excess of that allowed under state law is amenable in habeas petition); *Richardson v. Evans*, No. 95-6464, 1996 WL 603278, at *4 (10th Cir. Oct. 22, 1996) (unpublished disposition) (holding in context similar to case at hand that "[t]he Due Process Clause of the Fourteenth Amendment prohibits courts from depriving persons of liberty or property as punishment for criminal conduct except to the extent authorized by state law"). In resolving Wauford's ineffectiveness claim, the district court assumed that Wauford's attorney had not investigated Wauford's criminal history or informed Wauford about the possibility of challenging his 1983 felony conviction. It concluded as a matter of law, however, that Wauford's ineffective assistance of counsel claim failed because the habitual offender enhancement was collateral to his underlying conviction and Wauford's counsel had no obligation to inform Wauford about the possibility of challenging the prior felony conviction. Dist. Ct. Order at 3 (citing *Wiedemer v. Marr*, Nos. 96-1161, -1162, 1997 WL 44934 at *2 (10th Cir. Feb. 5, 1997) (unpublished disposition)). *But see Richardson v. Tansy*, No. 91-2127, 1992 WL 314126, at *3 (10th Cir. Oct. 22, 1992) (unpublished disposition) (implicitly recognizing that failure to investigate criminal background may constitute ineffective assistance if counsel's performance was deficient and that deficient conduct prejudiced the defendant).

To be entitled to a certificate of appealability, Wauford must make a substantial showing of the denial of his constitutional rights. 28 U.S.C. § 2253(c)(2). Wauford can make such a showing by demonstrating the issues raised are debatable among jurists of reason, an appellate court could resolve the issues differently, or the issues raised deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4. (1983). Because each of the legal grounds identified by the district court in dismissing Wauford's petition is reasonably debatable and because the district court's dismissal of the § 2254 petition can be easily affirmed on the merits, this court grants Wauford a certificate of appealability and proceeds to the merits.

Our review of the record leads us to conclude that the district court did not err in dismissing Wauford's petition. The record on appeal contains copies of Wauford's Plea and Disposition Agreement to the 1983 felony as well as a copy of the Guilty Plea Proceeding. In each of these documents, Wauford specifically acknowledges that he is entering the plea knowingly and voluntarily. Furthermore, in the Plea and Disposition Agreement, Wauford's attorney attests that he has discussed the case in detail with Wauford and advised Wauford of all his constitutional rights. Finally, in the Guilty Plea Proceeding, the trial judge specifically found that Wauford had "knowingly, voluntarily, and intelligently plead[ed] guilty" to the charged crimes. These documents clearly demonstrate on

their face that Wauford's 1983 guilty plea was knowing and voluntary. *See United States v. Davis*, 929 F.2d 554, 557-58 (10th Cir. 1991) (finding trial court's journal entry sufficient to prove voluntary and intelligent plea where journal entry recited that "the plea was freely and voluntarily made with an understanding of the nature of the charge and consequences of the plea"). Accordingly, Wauford's claim that his 1983 conviction was involuntary and, therefore, cannot be counted under New Mexico's habitual offender statute is without merit.

Wauford's ineffective assistance claim is similarly without merit. In light of the documents referenced above, there is no real probability that Wauford would have refused the 1992 plea and insisted on going to trial had his counsel further investigated his prior conviction. More to the point, this court cannot say it is likely that any further investigation of Wauford's prior conviction would have changed the outcome of the 1992 plea negotiations. Thus, Wauford has failed to demonstrate any constitutional violation. *See Richardson v. Tansy*, No. 91-2127, 1992 WL 314126, at *3 (10th Cir. Oct. 22, 1992) (unpublished disposition) (rejecting claim of ineffective assistance arising from facts almost identical to those in the instant case on the ground the petitioner had suffered no prejudice).

The judgment of the district court dismissing Wauford's § 2254 petition is hereby **AFFIRMED** .

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge